UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>STEVEN TROY HICKS,<br><br>Respondent. | Case No.: 02-CR-0625-3-L<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO VACATE, SET ASIDE, or CORRECT SENTENCE UNDER 28 U.S.C. 2255, and**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, Steven Troy Hicks ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent filed a Response and Opposition to the Motion and Petitioner replied. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits. For the reasons set forth below, the Court **DENIES** Petitioner's Motion without prejudice.

//

1

02-CR-0625-3-L

## I. BACKGROUND

Petitioner Steven Troy Hicks was charged by indictment on March 7, 2002 with one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Indictment, Case No. 02-CR-0625 [ECF NO. 1.])

On April 21, 2003, Petitioner pled guilty to Count One of the indictment and entered a plea agreement. (Plea Agreement Case No. 02-CR-0625 [ECF NO. 183.]) At the time he was sentenced, Petitioner's prior California robbery conviction under Penal Code § 211 was deemed a "crime of violence" pursuant to U.S.S.G. § 4B1.1. which resulted in a career offender enhancement to his sentence. On September 4, 2003, Petitioner was sentenced by this Court to a 235 month sentence, five years supervised release, and a special assessment of $100. (Judgment, Case No. 02-CR-0625 [ECF NO. 280.])

On September 9, 2003, Petitioner filed a Notice of Appeal, followed shortly by an Amended Notice of Appeal on September 17, 2003. [Notices, Case No. 02-CR-0625 [ECF NOS. 283, 287.]) The Ninth Circuit dismissed Petitioner's appeal in a memorandum disposition. *United States v. Horne*, 117 F.App'x 519, 521 (9th Cir. 2004)(unpublished)(dismissing appeal as to Hicks). Petitioner filed his first petition under 28 U.S.C. § 2255 in this Court on November 3, 2005. (Mot. [ECF NO. 421.]) On December 4, 2006, this Court denied the petition. (Order [ECF NO. 224.])

On June 17, 2016, Petitioner filed the current petition in this Court to protect the statute of limitations while he sought permission from the Ninth Circuit to submit a second or successive section 2255. [Motion, Case No. 02-CR-0625-3 [ECF NO. 688.]) Shortly thereafter, on July 27, 2016, Petitioner filed a Motion to Stay the current proceedings while his request to file a second or successive petition was pending. [ECF NO. 700.] The Ninth Circuit granted Petitioner's request to file a second or successive petition on December 22, 2016, noting that Petitioner made a prima facie showing for relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). *See Hicks v. United States*, C.A. No. 16-71529. (9th Cir. Dec. 22, 2016). This Court issued a briefing schedule on

Petitioner's Motion and the Government filed a Response in Opposition on April 12, 2017, followed by Petitioner's Reply on May 5, 2017.

## II. DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner seeking relief pursuant to section 2255 must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). It is incumbent on the petitioner to show by a preponderance of the evidence that he is entitled to relief. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

Petitioner argues that his section 211 robbery conviction is no longer considered a "crime of violence" after *Johnson*. (Mot. at 2). According to Petitioner, the Armed Career Criminal Act ("ACCA") "residual clause" held void-for-vagueness in *Johnson* is identical to the "residual clause" in the career offender definition of "crime of violence" under USSG § 4B1.2(a)(2) and therefore this Court must resentence him without the career offender designation. (*Id*. at 10.) Because *Johnson* announced a new rule, Petitioner claims he was unable to raise the claim earlier and therefore it is not time barred or procedurally defaulted. (Reply at 3-4).

The Government objects and contends the Court should dismiss or deny the Petition because: (1) Petitioner procedurally defaulted his career offender enhancement claim when he did not raise it on appeal; (2) *Johnson* does not apply to his claim therefore it is barred by the statute of limitations; (3) *Johnson* is not retroactively applicable in either the advisory or mandatory Guidelines context; (4) the mandatory Guidelines are not subject to vagueness challenges after *Beckles v. United States*, 137

3

02-CR-0625-3-L

S.Ct. 886, 890 (2017); (5) Petitioner's prior conviction under California Penal Code § 211 qualifies as a crime of violence under the enumerated offenses clause and therefore does not implicate the residual clause at issue in *Johnson*. (Oppo at 5-18).

**A. Procedural Default**

A petitioner must first raise his claim on direct appeal before challenging his sentence under § 2255 or he procedurally defaults the claim. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir.2003). A procedural default may be overcome and a petitioner may raise the claim in a habeas petition "'only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent.'" *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir.2007)

1. *Cause*

Cause can be demonstrated by showing that the procedural default is "due to an objective factor that is external to the petitioner and cannot be fairly attributed to him." *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000)(internal quotes omitted). The Supreme Court has excused procedural default on collateral review where (1) the claim was "novel" in a court proceeding, *Reed*, 468 U.S. at 16, (2) the defendant received ineffective assistance of counsel, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), or (3) the defendant is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). A petitioner can demonstrate cause for the failure to pursue a claim if he can show that "the factual or legal basis for a claim was not reasonably available to counsel" at the time of direct appeal. *Murray v. Carrier*, 477 U.S. 478.

Petitioner argues that he had cause for his failure to raise the claim earlier because the claim is novel and similar attacks on the constitutionality of the residual clause had failed until *Johnson,* which explicitly overruled precedent and overturned widespread practices, citing *Reed v. Ross*, 468 U.S. 1, 16 (1984). (Reply 4).

The Government argues that Petitioner cannot demonstrate cause because it was "beyond dispute" that his attorney could have anticipated a challenge to the residual clause on vagueness grounds and raised it on appeal. (Oppo 12). Moreover, Petitioner

4

02-CR-0625-3-L

cannot claim his counsel was ineffective for failing to raise the claim because a failure to anticipate a later decision which changes the law is not deficient performance under *Strickland v Washington,* 466 U.S. 668 (1984). (*Id.* at 8).

The Court finds that Petitioner's claim is sufficiently novel to demonstrate cause. A petitioner may demonstrate that a claim is novel if it fits into one of three categories identified by the Supreme Court which represent "a clear break with the past." *Desist v. United States*, 394 U.S. 244, 248 (1969). First, a decision may explicitly overrule one of the Supreme Court's precedents. *Reed*, 468 U.S. at 17. Second, a decision may "overtur[n] a longstanding and widespread practice to which the Supreme Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." *Id*. Finally, "a decision may 'disapprov[e] a practice the Court arguably has sanctioned in prior cases.'" *Id.*

The Ninth Circuit denied prior Constitutional challenges to the residual clause, holding that the clause was not void for vagueness. *James v. United States*, 550 U.S. 192, 209 (2007) and *Sykes v. United States*, 564 U.S. 1, 16 (2011). However, *Johnson* explicitly overruled *James* and *Sykes,* placing Petitioner's claim squarely within the first of *Reed's* three categories. *See Johnson*, 135 S.Ct at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled.") In addition, the Supreme Court held that *Johnson* was a "new substantive rule that has retroactive effect in cases on collateral review." *Welch*, 136 S.Ct. at 1268. Therefore, a vagueness challenge to the residual clause of section 4B1.2 was foreclosed at the time of Petitioner's sentence by Supreme Court precedent. *United States v. Savage*, 231 F.Supp. 542, 563 (9th Cir. 2017).

In addition, at the time of petitioner's sentencing and during the time within which he would have appealed, there was a longstanding and widespread practice of courts enhancing sentences under § 4B1.2's residual clause which was overturned by *Johnson*. *See* e.g. *United States v. Park*, 649 F.3d 1175, 1177-78 (9th Cir. 2011) (holding California residential burglary to be a "crime of violence" under the residual clause of § 4B1.2); *United States v. Spencer*, 724 F.3d 1133 (9th Cir. 2013)(holding Hawaii criminal

5

property damage in the first degree was "crime of violence" under residual clause of § 4B1.2). Petitioner's claim is novel under either of the first two categories in *Reed*. Where, as here, retroactive effect is given to a case which falls into one of the first two categories, an attorney will have had no reasonable basis to raise the claim where it would undoubtedly meet defeat, instead "the failure of a defendant's attorney to have pressed such a claim before a . . . court is sufficiently excusable to satisfy the cause requirement." *Reed*, 468 U.S. at 17. Therefore, Petitioner has demonstrated cause for his failure to previously raise his claim.

### 2. *Prejudice*

To establish "prejudice," Petitioner must demonstrate that he suffered actual prejudice from the claimed violation, meaning it worked to his "actual and substantial disadvantage." *United States v. Braswell*, 501 F.3d 1147, 1149-50 (9th Cir. 2007). "[I]n the ordinary case a defendant will satisfy his burden to show prejudice by pointing to the application of an incorrect, higher Guidelines range and the sentence he received thereunder." *Molina-Martinez v. United States*, 136 S.Ct. 1338, 1347 (2016).

Petitioner argues he was prejudiced by the career offender designation because he is serving significantly more time in custody than he would have without the designation. With the enhancement he was exposed to a sentence range with a low-end of 290 months, but without the enhancement, the low-end exposure would have been 235 months, a difference of almost five years. (*Id.*) Petitioner contends that the departures and adjustments applied by the Court would have presumably applied to the lower guideline range if he had not been deemed a career offender, reducing his sentence by approximately five years. (Reply at 4).

The Government claims that Petitioner's 235 month sentence is consistent with a guideline range sentence that did not consider the career offender adjustment, noting that the low-end of the guideline range would have been 235 months if the enhancement had not been applied, therefore he suffered no prejudice. (Oppo. at 9)

Petitioner was designated as a career offender under U.S.S.G. § 4B1.2 as a result of his prior California robbery conviction, which changed his criminal history score from IV to VI, thereby increasing the applicable sentencing range from a low-end of 235 to a low-end of 292. Although the probation department recommended a sentence of 292 months, after various departures and adjustments, Petitioner was sentenced to 235 months in custody. If it is determined that the Court relied upon the now unconstitutional residual clause in designating Petitioner as a career offender, and all other sentencing factors remained the same, he has demonstrated he suffered actual prejudice as required under *Molina-Martinez* because he is serving a longer term of confinement as a result of the career offender designation. Although the Court applied the correct sentencing guidelines with respect to the criminal history score and offense level, he was prejudiced by the enhancement. For the above reasons, the Court finds Petitioner has sufficiently demonstrated cause and prejudice to overcome the procedural default of his claim.

**B. Merits**

The career offender guidelines increase the base offense level and criminal history category for a defendant whose "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. A "crime of violence" was defined at the time of Petitioner's sentencing as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that" –

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added).

Courts typically refer to section 4B1.2(a)(1) as the "force" or "elements" clause, and to the first part of section 4B1.2(a)(2) which lists four specific offenses as the "enumerated offenses" clause. *United States v. Molinar*, 881 F.3d 1064, 1067 (9th Cir. 2017). The italicized clause is commonly called the "residual clause." *Id*.

At the time Petitioner was sentenced, application note 1 of the Commentary to Section 4B1.1 further refined the definition of "crime of violence" to include robbery as a qualifying offense:

> Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *robbery*, arson, extortion, extortionate extensions of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" is (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e. expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 application note 1 (emphasis added).

In *Johnson*, the Supreme Court considered the residual clause of the ACCA, a similar sentence enhancing statute which imposes a fifteen-year minimum prison sentence on anyone who violates 18 U.S.C. § 922(g) and has three prior convictions for either violent felonies or serious drug offenses. *Johnson*, 135 S.Ct. at 2556. Under the ACCA, there are three definitions of "violent felony," one of which states that a felony that "involves conduct that presents a serious potential risk of physical injury to another" is referred to as the residual clause for its catch-all nature. *Id*. 2555-56; § 924(e)(2)(B)(ii). There, the Court employed the categorical approach and struck down the residual clause as unconstitutionally vague, finding that the language of the residual clause "fails to give ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby violating due process. *Id.* at 2556.

//

//

8

02-CR-0625-3-L

*1. Residual Clause*

Petitioner claims that this Court must have relied upon the residual clause and Note 1's list of included offenses when finding that his prior robbery conviction qualified as a "crime of violence" for purposes of enhancing his sentence, because California robbery does not qualify as a "crime of violence" under the force clause or enumerated offenses clause. (Mot. 7-8). Although it is generally the Petitioner's burden to prove his claim by a preponderance of the evidence, he argues that in the post-*Johnson* context, it may be assumed that a Court relied upon the now unconstitutional residual clause citing *Leonard v. United States,* 2016 WL 4576040 at 2 (S.D. Fla Aug. 22, 2016). In response, the Government claims that Petitioner has not shown that the Court relied upon the residual clause when sentencing him, therefore *Johnson* does not apply to him, and Petitioner's claimed is barred. (Id. at 10).

The Court finds no support in the record for Petitioner's contention that the residual clause served as the basis of his career offender designation to the exclusion of other portions of section 4B1.2. That said, various courts have determined that where the record is unclear whether the Court relied upon the residual clause, the possibility that the enhancement rested upon that now unconstitutional clause is sufficient to allow the claim to continue if the conviction qualifies as a violent felony under one of the remaining clauses under current case law. *United States v. Scott*, 818 F.3d 424, 435 (8th Cir. 2016); *United States v. Carrion*, 236 F.Supp. 3d 1280, 1285-86 (D. Nevada Feb. 17, 2017); *United States v. Ladwig*, 192 F.Supp. 3d 1153, 1158 (E.D. Wash. June 28, 2016). If the claim can qualify under another clause, the error is considered harmless. *Id*. 1159.

Even if the Court presumes that the residual clause provided the basis for Petitioner's career offender designation, it was harmless error. Recently the Ninth Circuit explained that application note 1 which includes "robbery" as a qualifying offense, applies to the enumerated offenses clause under the career offender guidelines. *United States v. Givens*, 268 F.Supp. 3d 1108, 1118 (9th Cir. 2017) ("It is . . . clear that the Sentencing Commission . . . intended robbery and the other felonies listed in application

9

note 1 to constitute an expanded list of crimes of violence under the enumerated-offense clause.") Further support for Note 1's application to the enumerated offenses clause rather than the residual clause appears in the most recent Guidelines themselves.  After the decision in *Johnson*, the Sentencing Commission made changes to the career-offender guideline including the removal of the offending residual clause, and the inclusion of the list of felonies in Note 1 directly into the enumerated offense clause. *See* U.S.S.G. §4B1.2(a)(2016).

The Ninth Circuit in *Molinar*, compared a similar state statute with federal generic robbery under the enumerated offenses clause, and concluded that Arizona's armed robbery statute qualified as a crime of violence under 4B1.2's enumerated clause. *United States v. Molinar*, 881 F.3d 1064, 1070 (9th Cir. 2017)  The Court held that "for a state crime to be equivalent to generic robbery it must require property to be taken from a person or a person's presence by means of force or putting in fear." *Id*. at 1075. Similarly, section 211 requires a taking with force or fear, therefore California robbery is coextensive with generic robbery and is thus a crime of violence under Section 4B1.2's enumerated felonies clause.[1]   Accordingly, the Court finds that Petitioner's prior California Penal Code § 211 robbery conviction qualified as a "crime of violence" under the enumerated offense clause of the career offender statute thereby properly enhancing his sentence. As evidenced above, the Court could have relied upon the enumerated offenses clause in enhancing Petitioner's sentence under the career offender statute, therefore it was harmless error even if the residual clause was relied upon at sentencing.
//
//

---

[1] Under section 211, robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. Compared to the definition of "generic robbery" under Ninth Circuit authority: "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." *U.S. v Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008).

2. *Beckles*

In *Beckles,* the Court held that the advisory Guidelines, "including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause" because "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892.

Petitioner contends that *Beckles* does not apply to him because he was sentenced under the mandatory Guidelines in place at the time, and the holding applies only to sentences under the advisory Guidelines. (Supp. Brief. 4). Where guidelines firmly set the sentencing range, as with the mandatory Guidelines, Petitioner claims that void for vagueness attacks are permissible. Indeed, Justice Sotomayor's concurrence in *Beckles* seems to indicate that vagueness challenges to mandatory Guidelines may not be completely foreclosed noting "the Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment . . . during the period in which the Guidelines did 'fix the permissible range of sentences,' … may mount vagueness attacks on their sentences." *Beckles*, 137 S.Ct. at 903 n.4. However, the Supreme Court did not choose to carve this exception to the rule against vagueness challenges to the Guidelines, therefore, this Court finds Petitioner's void-for-vagueness challenge to his sentence is impermissible.

For the above reasons, the Court **DENIES** his claim.

## C. CERTIFICATE OF APPEALABILITY

A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner does not have to show "that he should

prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation omitted).

Having reviewed the matter, the Court finds that Petitioner has not made a substantial showing that he was denied a constitutional right and the Court is not persuaded that jurists could disagree with the Court's resolution of his claims or that the issues presented deserve encouragement to proceed further. Therefore, a certificate of appealability is **DENIED** .

### D. CONCLUSION

For the foregoing reasons, Petitioner's Motion under section 2255 is **DENIED** without prejudice. Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**

Dated: September 13, 2018

Hon. M. James Lorenz
United States District Judge

02-CR-0625-3-L